UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOAN M. HOWARD,

Plaintiff,

v.

SUNRISE CREDIT SERVICES, INC.

Defendant.

_____________________________________________/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.Venue in this District is proper because Plaintiff resides here and Defendant mailed letters into this District.

## PARTIES

3. Plaintiff, JOAN M. HOWARD, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, SUNRISE CREDIT SERVICES, INC., ("Sunrise") is a corporation formed under the laws of the State of New York and citizen of the

State of New York with its principal place of business at 260 Airport Plaza, Farmingdale, New York 11735.

5. Defendant is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a “debt collector” as defined in the FDCPA.

## **FACTUAL ALLEGATIONS**

10. Defendant sought to collect from Plaintiff an alleged debt for cable television service at her residence.

11. On or about July 30, 2016, Defendant mailed a letter to Plaintiff regarding the alleged debt, attached as Exhibit "A".

12. The letter was the first communication Plaintiff received from Defendant regarding the alleged debt.

13. The letter was the first communication Defendant sent to Plaintiff regarding the alleged debt.

14. The letter states does not state the name of the alleged creditor.

15. The FDCPA requires a debt collector to state in the initial letter "the name of the creditor to whom the debt is owed…" 15 U.S.C. §1692g(a)(2).

16. Plaintiff is harmed by the inability to know with certainty the identity of the party to whom she is allegedly indebted.

## COUNT I
## FAILURE TO STATE THE NAME OF THE CREDITOR TO WHOM THE DEBT IS OWED

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant's letter fails to state the name of the creditor to whom the alleged debt is owed in violation of 15 U.S.C. §1692g(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney’s fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff

Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com

By: s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658